**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION**

IN RE:

**CHRISTOPHER WELLS HARPER**   **CASE NO. 10-07510-8-JRL**
**JANICE DANIELLE HARPER**    **CHAPTER 7**

   **DEBTORS**

**JAMES B. ANGELL, TRUSTEE**    **ADVERSARY PROCEEDING NO.**
              **11-00167-8-JRL**

   **PLAINTIFF,**

v.

**WELLS FARGO BANK, N.A., AS TRUSTEE
FOR THE CERTIFICATE HOLDERS OF
SOUNDVIEW HOME LOAN TRUST
2007-OPT-1, ASSET-BACKED SECURITIES,
SERIES 2007-OPT1,**

   **DEFENDANT.**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT**

Wells Fargo Bank, N.A., as Trustee for the Certificate Holders of Soundview Home Loan Trust 2007-OPT-1, Asset-Backed Securities, Series 2007-OPT1 ("Wells Fargo"), by its undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the Complaint (the "Motion") in this adversary proceeding.

Wells Fargo brings its Motion to Dismiss because the Complaint fails to state a claim upon which relief may be granted.  Plaintiff brings two claims: (1) a claim to quiet title to real property, which seeks to impair a deed of trust, and (2) an action to declare that a trustee's deed

to Wells Fargo issued as part of a foreclosure that has been set aside, is a fraudulent transfer. Each claim is premised entirely upon an erroneous assertion that the trustee's deed is a valid conveyance. Plaintiff's claims are inconsistent with the law. A trustee's deed issued in an invalidated foreclosure action is void, and it does not serve to impair a valid deed of trust. Plaintiff's claims also are inconsistent with the public record – here, there was a quitclaim deed put on record, which provided notice of the setting aside of the foreclosure action, and which noted that the property remained subject to a deed of trust. Further, it appears to be the Plaintiff's theory of the case that both the trustee's deed and the quitclaim deed are valid conveyances, but that the preservation of a valid deed of trust in the quitclaim deed should be ignored. This attempt to pick and choose from the public records does not give rise to a viable claim theory: If the trustee's deed were to be deemed valid, and the quitclaim deed had validly conveyed the property to the borrower, then the property was conveyed to the borrower subject to the deed of trust. For all of these reasons, which are further explained below, the Complaint fails as a matter of law, and it should be dismissed.

## BACKGROUND

Christopher Wells Harper and Janice Danielle Harper filed a petition for relief under chapter 7 of the Bankruptcy Code on September 15, 2010, and the Plaintiff, James B. Angell, was appointed trustee. (Compl. ¶¶ 1, 2.) The present Adversary Proceeding arises out of a 2007 real estate secured loan.

Mr. Harper executed a promissory note in the amount of $170,000 for the benefit of Option One Mortgage Corporation on March 13, 2007. (Compl. ¶ 9.) Also on March 13, 2007, both debtors executed a deed of trust for the benefit of Option One Mortgage Corporation, which was recorded on March 14, 2007 at Book 5154, Page 808 in the Office of the Register of Deeds

2

of New Hanover County (the "Deed of Trust").  (Compl. ¶ 10.)  Wells Fargo is the holder of the underlying note and holds the beneficial interest under the Deed of Trust.  (Compl. ¶ 11.)

Mr. Harper defaulted on the note, and the substitute trustee began foreclosure proceedings.  (Compl. ¶¶ 13, 15.)  In April 2010, the property was auctioned under the power of sale clause in the Deed of Trust.  (Compl. ¶ 16.)  On May 17, 2010, the substitute trustee executed a trustee's deed conveying the property to Wells Fargo as the high bidder at the sale. (Compl. ¶ 17.)  On May 18, 2010, the trustee's deed was recorded at Book 5486, Page 1586 in the Office of the Register of Deeds of New Hanover County (the "Trustee's Deed").  (Compl. ¶ 17.)  After the Trustee's Deed was recorded, the substitute trustee was notified that there was no notice of sale in the foreclosure file. (Compl. ¶ 18.)  The substitute trustee moved to set aside the foreclosure sale, and an order setting aside the foreclosure was entered on August 17, 2010. (Compl. ¶¶ 18, 19.)

On September 2, 2010, a quitclaim deed from Wells Fargo to Mr. Harper was recorded at Book 5508, Page 1442 in the Office of the Register of Deeds of New Hanover County (the "Quitclaim Deed").  (Compl. ¶ 20.)  The Quitclaim Deed is attached to the Complaint as Exhibit B.  The Quitclaim Deed provides

> **THE PURPOSE OF THIS QUITCLAIM DEED IS TO RESCIND THE EFFECT OF THAT CERTAIN TRUSTEE'S DEED RECORDED ON MAY 18, 2010 IN BOOK 5486 PAGE 1586, New Hanover PUBLIC REGISTRY AND TO RESTORE THE *STATUS QUO ANTE*, MEANING THAT THIS CONVEYANCE IS SUBEJCT TO, WITHOUT LIMITATION, THAT CERTAIN DEED OF TRUST RECORDED ON MARCH 14, 2007 IN BOOK 5154, PAGE 808, New Hanover PUBLIC REGISTRY[.]  FURTHER, THIS CONVEYANCE IS MEANT TO EFFECTUATE THAT CERTAIN ORDER ENTERED IN New Hanover COUNTY 09sp950 RESCINDING THE FORECLOSURE SALE.**

(Compl. Ex. B at 1.)

The Plaintiff maintains that the transfer of the property to Wells Fargo through the Trustee's Deed "terminated the Deed of Trust and any lien and/or encumbrance created by the Deed of Trust against the Property." (Compl. ¶ 22.) The Plaintiff further maintains that the property conveyed by the Quitclaim Deed was unencumbered, and that the property is held by Mr. Harper free and clear of any lien. (Compl. ¶¶ 23, 27.) Accordingly, the Plaintiff seeks to quiet title to reflect that the Deed of Trust does not encumber the property. (Compl. ¶¶ 26, 27.) In the alternative, the Plaintiff maintains that if the Quitclaim Deed is determined to be invalid, the Trustee's Deed is an avoidable fraudulent conveyance pursuant to 11 U.S.C. § 548. (Compl. ¶¶ 29-35.) As is explained below, Plaintiff's claims fail to take account of the fact that the foreclosure action giving rise to the Trustee's Deed was set aside and fail to take account of the substance of the Quitclaim Deed. The Trustee's Deed is void and cannot impair the Deed of Trust, and, in any event, the Quitclaim Deed is subject to the Deed of Trust. For these reasons, dismissal pursuant to Rule 12(b)(6) is appropriate.

## ARGUMENT AND AUTHORITIES

### I.  STANDARD FOR DISMISSAL

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." If a complaint fails to meet this threshold obligation, the action should be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), *cert. denied*, *Hunt v. Republican Party*, 510 U.S. 828 (1993).

In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court held that a complaint must include "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544,

570 (2007).  The Court elaborated in *Ashcroft v. Iqbal*, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and that "only a complaint that states a plausible claim for relief survives a motion to dismiss."  129 S. Ct. 1937, 1949 (2009).   The allegations must be more than a "formulaic recitation of the elements" of a claim.  *Id.* at 1951.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Id.* at 1949.  Thus, dismissal under Rule 12(b)(6) is proper when, from the face of the complaint, it is clear that the plaintiff's claims are not supported by law, that one or more facts necessary to assert a valid claim have not been pled, or that facts exist that necessarily defeat plaintiff's claims.  In this case, the Plaintiff's claims are not supported by law and should be dismissed.

## II.      THE ACTION TO QUIET TITLE FAILS AS A MATTER OF LAW.

### A.      Foreclosure Procedure

Plaintiff seeks to put at issue the right to foreclosure pursuant to a valid Deed of Trust. For this reason, a summary of the procedure for foreclosures in North Carolina, and an analysis of the legal effect of each stage of the proceedings, may be helpful to the court for its consideration of this matter.

Here, the Deed of Trust includes a power of sale provision that provides as follows: "Lender, at its option, and subject to applicable law, may [upon default] or thereafter invoke the power of sale and/or any other remedies or take any other actions permitted by applicable law." (Compl., Ex. A at ¶ 21.)  The language affords the lender the rights and remedies provided for by

North Carolina General Statutes § 45-21.1, *et seq.*, which governs foreclosures under a power of sale.

**Substitution.** A substitute trustee can be appointed pursuant to § 45-17, and the right to make a substitution may be exercised as many times as necessary. The rights and duties of the substitute trustee are limited to selling the mortgaged property upon default at the request of the holder of the note.

> The trustee in a deed of trust does not, however, assume the same role as a grantee in a deed. While legal title to property passes to the mortgagee or trustee under a deed of trust as security for the debt, the mortgagor or trustor remains the equitable owner of the land. (citations omitted). The trustee's function is merely to sell the mortgaged property upon the mortgagor's default at the request of the holder of the note. (citation omitted). A mortgagor's designation of trustee(s) is therefore not on a parallel with the naming of a grantee in a deed, and accordingly, the naming of alternate trustees in a deed of trust will not make it fail.

*Barfield v. Wachovia Mortgage Corp. (In re Barfield)*, Adv. Pro. No. L-02-00230-8-AP, 2003 Bankr. LEXIS 1820, at *7-8 (Bankr. E.D.N.C. Nov. 5, 2003). A substitute trustee's right to convey property is only in furtherance of the foreclosure process; the substitute trustee has no other right to convey the property. *Id.* at *8.

In this case, Grady I. Ingle or Elizabeth B. Ellis were appointed substitute trustee on July 31, 2009. (Compl. ¶ 14.) The substitution of trustee was recorded in the Office of the Register of Deeds of New Hanover County at Book 5428, Page 888. (Compl. ¶ 14.) As a matter of law, their substitution entitled them to convey property only in furtherance of the foreclosure process.

**Notice of Hearing.** To initiate the foreclosure process upon default, a Notice of Default and Acceleration of Remaining Indebtedness declaring the note mature and all sums owed immediately due and payable is sent to the borrower by or on behalf of the lender. N.C. Gen. Stat. § 45-21.16(5a)). After the Notice of hearing is given pursuant to § 45-21.16, the Clerk of

Court must hold a hearing to determine the following elements: (i) existence of a valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, (iv) notice to those so entitled, and (v) that the underlying debt is not a subprime loan.  N.C. Gen. Stat. § 45-21.16(d).  Upon making the required findings, the Clerk of Court shall issue an Order of Sale permitting the Substitute Trustee to proceed under the instrument with notice of and conduct a sale of the property.  *Id.*

**Notice of Sale.**  A Notice of Sale containing the information provided in N.C. Gen. Stat. § 45-21.16A, including a description of the deed of trust, the date, time and place of sale, a description of the property to be sold, and the terms of the sale, must be posted and published pursuant to § 45-21.17.  The Notice must be posted at a designated location in the courthouse for 20 days prior to the sale date and must be published in the local newspaper once a week for at least two successive weeks prior to the sale.  N.C. Gen. Stat. § 45-21.17.  The period from the first publication to the last publication shall be not less than 7 days and the date of the last publication must be not more than 10 days prior to the date of the sale.  *Id.*  In this case, the Notice of Sale was not filed in the Special Proceedings file maintained by the Clerk of Court.  (Compl. ¶ 18.)

**Sale and Upset Bids.**  After the Notice of Sale is posted as required, the substitute trustee conducts the sale of the property at the courthouse door or other designated location, by first reading in its entirety the Notice of Sale, and then accepting and recording bids.  The substitute trustee then files a Report of Sale with the Clerk of Court within 5 days of the date of sale.  N.C. Gen. Stat. § 45-21.26.  For a period of 10 days after the sale or the last upset bid, the high bid may be raised and an upset bid filed for an amount exceeding the reported sale price or last upset bid by a minimum of 5 percent thereof, with a minimum increase of $750.  N.C. Gen. Stat. § 45-

21.27.  The upset bid process may continue indefinitely.  In this case, Wells Fargo was the last and highest bidder at the sale, and no upset bids were filed.  (Compl. ¶ 17.)

**Trustee's Deed.**  After the time for bids has expired, the substitute trustee must conduct an accounting and file an Affidavit of Disbursement and a Final Report with the Clerk of Court.  N.C. Gen. Stat. § 45-21.33.  The substitute trustee then conveys title to the high bidder via a trustee's deed, or foreclosure deed, recorded with the register of deeds.  Here, the Trustee's Deed was recorded on May 18, 2010.  (Compl. ¶ 17.)

**Notice of Foreclosure.**  Finally, the substitute trustee is to record a Notice of Foreclosure with the register of deeds pursuant to § 45-38.  A Notice of Foreclosure is defined as "[a] document recorded to notify the public of the foreclosure proceedings where property is being repossessed by the lender, usually for non-payment or non-performance of the conditions of the Note and Deed of Trust."  DEFINITIONS OF COMMONLY RECORDED DOCUMENTS (2011), http://www.rod.brunsco.net/definitions.html.[1]  Here, the Notice of Foreclosure was recorded on May 18, 2010, at Book 5486 Page 1898 in the Office of the Register of Deeds of New Hanover County.

**The Setting Aside of the Foreclosure in this Case.**  In this case, because the Notice of Sale was not filed with the Clerk of Court, the substitute trustee filed a motion to set aside the foreclosure sale on August 18, 2010.  A copy of the motion to set aside is attached to the Motion as Exhibit A.[2]  On August 18, 2010, the Clerk of Court entered an order setting aside the

---

[1] The Register of Deeds for New Hanover County does not have a definition of the Notice of Foreclosure on its website; however, the Register of Deeds for both Johnston and Brunswick Counties posted the identical definition on their websites.

[2] When a document is referred to in the Complaint and is attached to a motion to dismiss, "a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *see also Venture Assoc. v. Zenith*

foreclosure.  (Compl. ¶19.)  A copy of the order setting aside the foreclosure is attached to the Motion as Exhibit B.  Thereafter, the Quitclaim Deed was recorded, with the express intent "to effectuate that certain order entered in New Hanover County 09sp950 rescinding the foreclosure sale."  (Compl., Ex. B at 1.)

**B.      The Effect of the Order Setting Aside the Foreclosure Was to Void the Trustee's Deed.**

Courts addressing analogous circumstances have held that a trustee's deed issued pursuant to an invalid foreclosure are void.  Although there do not appear to be North Carolina cases directly on point, other jurisdictions have held that a defect in property description in the notice of sale voids the foreclosure sale.  *See, e.g., Sycamore Bank v. United States*, No. 2:06CV140-P-A, 2007 U.S. Dist. LEXIS 43335, at *15 (N.D. Miss. June 13, 2007) (holding that "the foreclosure notice inaccurately described the land to be sold and the resulting foreclosure sale . . . is void and passed no title" and concluding that the parties are returned to their pre-foreclosure position) (*citing Hancock v. Pyle*, 3 So.2d 851, 853 (Miss. 1941) ("[T]he foreclosure was void because the advertisement of the sale incorrectly described" the land.)).

---

*Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993) ("[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiffs' complaint and are central to her claim.").  The consideration of such a document by the court does not convert the motion to dismiss into a motion for summary judgment. *Roberson v. City of Goldsboro*, 564 F. Supp. 3d 526, 528 (E.D.N.C. 2008) (citation omitted); *see also Maryland Minority Contractor's Assn'n v. Md. Stadium Auth.*, 70 F. Supp. 2d 580, 593 (D. Md. 1998) ("When a plaintiff's complaint relies on documents not provided with that complaint, the defendant may on a motion to dismiss provide them for the court's consideration."). Further, in reviewing a Rule 12(b)(6) dismissal, courts may properly take judicial notice of matters of public record. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)).  Here, the Plaintiff specifically refers to, and purports to reply upon documents in the special proceedings file.  These documents are a matter of public record.  Accordingly, they are proper for consideration as part of the present Motion to Dismiss and may be cited by Defendants without converting the motion into a motion for summary judgment.

North Carolina law is consistent with the principle that a defect in the foreclosure process – particularly where it goes to notice, which is the case here – renders the sale void. In *Murray v. Cumberland County*, 98 N.C. App. 143, 145, 389 S.E.2d 616, 618 (N.C. App. 1990), a case involving a tax foreclosure, the appellate court affirmed the lower court's order "that the foreclosure sale be set aside, the sale rescinded, the deed declared void, and all monies paid be refunded to respondent purchasers" for lack of notice to the current owner where the current owner of the property could have been identified through due diligence. In this case, the Clerk's order setting aside the foreclosure sale would be meaningless if it did not have the effect of rendering the Trustee's Deed a nullity.

**C.      Because the Trustee's Deed Was Void, the Quitclaim Deed Did Not Transfer any Interest in the Property.**

The Quitclaim Deed was, by its nature and its express and unambiguous language, a very limited transfer: it transferred only what Wells Fargo had, and it expressly reserved Wells Fargo's rights under the Deed of Trust. *See Heath v. Turner*, 309 N.C. 483, 491, 308 S.E.2d 244, 248 (N.C. 1983) ("A quitclaim deed conveys only the interest of the grantor, whatever it is, no more and no less."); *Quevedo v. Deans*, 234 N.C. 618, 622, 68 S.E.2d 275, 278 (N.C. 1951) ("The commissioner's deed to the county and the county's deed to Deans are no more than quitclaim deeds. The defendant purchased a 'pig in a poke,' but when he opened the bag he found no pig. For him the situation is unfortunate."). The Trustee's Deed conveyed the property to Wells Fargo. Because the foreclosure was set aside, the Trustee's Deed is void; thus, Wells Fargo held no interest in the property to transfer through the Quitclaim Deed beyond a foreclosure interest that the Quitclaim Deed expressly states it is *not* conveying to the borrower.

10

**D.      The Effect of the Quitclaim Deed Was to Provide Public Notice that the Foreclosure Had Been Set Aside and that the Trustee's Deed Was Not a Valid Conveyance.**

"The purpose of North Carolina's recording statute is to enable intending purchasers and encumbrancers to rely with safety on the public record concerning the status of land titles." *Chrysler Credit Corp. v. Burton*, 599 F. Supp. 1313, 1318 (M.D.N.C. 1984).

> "The law contemplates that a purchaser of land will examine each recorded deed and other instrument in his chain of title and charges him with notice of every fact affecting his title which an accurate examination of title would disclose." *Hensley v. Ramsey*, 283 N.C. 714, 715, 199 S.E.2d 1, 2 (1973).  A purchaser is put on notice of any fact or circumstance affecting his title which is reasonably disclosed by the *instruments* in his line of title.  *Turner v. Glenn*, 220 N.C. 620, 18 S.E.2d 197 (1942).

*Id.*  The principle that a purchaser must examine all recorded deeds in a chain of title is well established in North Carolina.  *Butler v. Deutsche Bank Trust Company Americas (In re Rose)*, No. 7:09-CV-145-FL, slip op. at 6 (E.D.N.C. Feb. 9, 2010), *aff'd*, 418 F. App'x 244 (4th Cir. 2011) (unpublished); *see also Turner v. Glenn*, 220 N.C. 620, 18 S.E.2d 197, 202 (1942) (purchaser is on notice of any fact or circumstances affecting title reasonably disclosed by recorded deeds or instruments).

The examination of the public record in this matter would have clearly disclosed (a) the Deed of Trust, (b) the Trustee's Deed, (c) the Notice of Foreclosure, and (d) the Quitclaim Deed referring to the order setting aside the foreclosure and the Deed of Trust encumbering the property.  A diligent title searcher would most likely then review the special proceedings file to read the order setting aside the foreclosure, but even without that second step, any potential purchaser reviewing the public registry would have been on notice of the unsatisfied Deed of Trust.  Importantly, the chapter 7 trustee may not take the property free of a mortgage lien under

§ 544 of the Bankruptcy Code "if notice existed that would have alerted a potential bona fide purchaser" to the unsatisfied Deed of Trust. *Rose* at 6.

### E. If the Quitclaim Deed Is Valid, the Plaintiff Cannot Read a Portion of the Text Out of the Quitclaim Deed

The Plaintiff contends that because the Quitclaim Deed transferred the property to Mr. Harper, and not the Substitute Trustee, the property was unencumbered by the Deed of Trust when it was conveyed. (Compl. ¶ 23.)  The Plaintiff cannot choose to ignore the clear language of the Quitclaim Deed that provides that it intends to restore the *status quo ante* and that the conveyance is subject to the Deed of Trust. In construing conveyances, "the courts shall determine the effect of the instrument on the basis of the intent of the parties as it appears from *all of the provisions of the instrument*."  N.C. Gen. Stat. ¶ 39-1.1(a) (emphasis added); *see also Whetsell v. Jernigan*, 291 N.C. 128, 133, 229 S.E.2d 183, 187 (1976) (reviewing the prior rules of common law and noting that "[b]y the passage of *G.S. 39-1.1*, it would appear that '[i]t is the legislative will that the intention of the grantor and not the technical words of the common law shall govern.'") (citation omitted).  Further, "the intent of the parties dictates whether an earlier contract is discharged by a later contract."  *Biggers v. Evangelist*, 71 N.C. App. 35, 38, 321 S.E.2d 524, 526-27 (1984) (holding certain terms of contract for sale were not merged into deed where contract provided that covenants survived closing and execution of deeds).

There is no ambiguity in the Quitclaim Deed:  the instrument expressly recites the intent of the parties, which is to restore the parties to their respective positions prior to the foreclosure that has been set aside.  Accordingly, if the Quitclaim Deed is valid, there is no basis to read out the language providing that the conveyance is subject to the Deed of Trust.

**III.    THE FRAUDULENT CONVEYANCE CLAIM FAILS AS A MATTER OF LAW.**

Under § 548 of the Bankruptcy Code, a chapter 7 trustee may avoid a transfer of an interest of the debtor in property if the debtor received less than a reasonably equivalent value in exchange for the transfer and was insolvent when the transfer was made or became insolvent as a result of the transfer.  The Plaintiff maintains that if the Quitclaim Deed is invalid, then the Trustee's Deed conveyed an interest of the debtor to Wells Fargo without reasonably equivalent value because of the procedural deficiencies in the foreclosure.  (Compl. ¶¶ 29-33.)

The Plaintiff essentially attempts to ride the fence by claiming that the Trustee's Deed is both valid and void.  However, the Plaintiff cannot have it both ways: either the order setting aside the foreclosure set aside everything about the foreclosure, including the Trustee's Deed, and reinstated the Deed of Trust, or it did not.  If it did not, and the Trustee's Deed is somehow valid, then, likewise, the Deed of Trust must have been satisfied, which would be reasonably equivalent value for the conveyance of the property.

The law is that the Trustee's Deed was voided by the order setting aside the foreclosure.  Consequently, no interest of the debtor was transferred to Wells Fargo.

The Plaintiff fails to state a claim for fraudulent conveyance.  Accordingly, Wells Fargo requests that the second cause of action be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, the Defendant respectfully requests that this court dismiss the Plaintiff's Complaint for failure to state a claim upon which relief may be granted and allow Wells Fargo such other and further relief as the Court may deem just and proper.

Dated: July 27, 2011.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: /s/ Pamela W. McAfee
Pamela W. McAfee
State Bar No. 21096
Joseph S. Dowdy
State Bar No. 31941
GlenLake One, Suite 200
4140 Parklake Avenue
Raleigh, North Carolina 27612
Telephone: (919) 329-3831
Telecopy: (919) 329-3895
Email: pam.mcafee@nelsonmullins.com
       joe.dowdy@nelsonmullins.com

*Attorneys for Wells Fargo Bank, N.A., as Trustee for the Certificate Holders of Soundview Home Loan Trust 2007-OPT-1, Asset-Backed Securities, Series 2007-OPT1*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT** has been filed electronically in accordance with the Local Rules and was therefore served electronically on those entities that have properly registered for such electronic service and by depositing a copy thereof in the United States mail, postage prepaid, addressed to the parties below:

Marjorie K. Lynch, Esquire
Bankruptcy Administrator
P.O. Box 3758
Wilson, NC 27895

Philip W. Paine
Howard, Stallings, From & Hutson, P.A.
Post Office Box 12347
Raleigh, NC 27605

Kimberly A. Sheek
Shapiro & Ingle
10130 Perimeter Parkway
Suite 400
Charlotte, NC 28216

This the 27th day of July, 2011.

/s/ Pamela W. McAfee
Pamela W. McAfee